UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY EUGENE DOWNING,

    Petitioner,

v.

                                   Case No. 2:08-cv-009
                                   HON. R. ALLAN EDGAR

LINDA METRISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 14 to 35 years, imposed by the Eaton County Circuit Court on January 7, 2004, after petitioner pleaded guilty to first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(b). In his *pro se* petition, Petitioner raises six grounds for relief, as follows:

> I. Petitioner was deprived of his constitutional rights to due process and equal protection where the Eaton County prosecutor abused his charging authority.
>
> II. Petitioner was deprived of his constitutional rights to due process and equal protection where he was deprived of the effective assistance of trial counsel.
>
> III. Petitioner was deprived of his constitutional rights to due process and equal protection where he was denied the effective assistance of appellate counsel.
>
> IV. Petitioner was deprived of his constitutional rights to due process and equal protection where his sentence of 14 to 35 years was an abuse of discretion and grossly disproportionate to the crime.

> V. Petitioner was deprived of his constitutional rights to due process and equal protection where the trial court denied petitioner's plea withdrawal motion based on ineffective counsel.
>
> VI. Petitioner was deprived of his constitutional rights to due process and equal protection where the trial court sentenced petitioner under an incorrect sentencing guidelines range based on information that petitioner neither admitted nor was proven beyond a reasonable doubt.

Respondent has filed an answer to the petition (docket #6), stating that the petition should be denied because it raises noncognizable state law claims which have no merit. Upon review and applying the AEDPA standards, I find that grounds one, two, three, four and five are procedurally barred, and ground six is without merit. Accordingly, I recommend that the petition be denied.

The state prosecution arose from an arrest of petitioner for first-degree criminal sexual conduct for the sexual penetration of a 15 year old girl who was a member of his household. On May 12, 2003, petitioner pleaded guilty to the offense. Sentencing was set for June 26, 2003. Petitioner failed to appear for sentencing and was arrested three months later in California and extradited to Michigan. On January 7, 2004, petitioner was sentenced to a period of 14 to 35 years. (Evidentiary Hearing and Sentencing Tr, 37, docket #18.) Petitioner then filed a motion to withdraw his guilty plea, which was denied.

Following petitioner's conviction and sentence, he pursued a delayed application for leave to appeal in the Michigan Court of Appeals raising his sixth claim for habeas corpus relief. (See Def.-Appellant's Br. on Appeal, docket #20.) In an order dated August 10, 2005, the Michigan Court of Appeals denied leave for lack of merit in the grounds presented. (See 08/10/05 Mich. Ct. App. Ord, docket #20.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised five claims, one of which had been raised in his leave to appeal to the Michigan Court of Appeals. By order entered December 27, 2005, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (See Mich. Ord., docket #21.)

Petitioner then returned to the trial court and filed a motion for relief from judgment. In an order dated February 22, 2006, the motion was denied. Petitioner then filed a motion for specific performance of a plea agreement that he abrogated by absconding on bond. In an order dated June 12, 2006, the motion was denied. (See Circuit Ct Ord, docket # 22.) Petitioner applied for leave to appeal to the Court of Appeals. In an order dated May 21, 2007, the Court of Appeals dismissed petitioner's delayed application for leave to appeal for failure to pursue the case in conformity with the rules. (See 05/21/07 Mich. Ct. App. Ord, docket #22.) Petitioner proceeded to file an application for leave to appeal with the Michigan Supreme Court which was denied by standard order dated November 29, 2007. (See Mich Ord, docket #23.)

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (Oct. 9, 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943. However, the Sixth Circuit recently has clarified that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

Petitioner's first five claims are procedurally barred from federal habeas review. "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith,* 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986)). Petitioner first raised these claims in his delayed application for leave to appeal from the trial court's denial of his motion for relief from judgment. The Court of Appeals dismissed petitioner's delayed application for leave to appeal for failure to pursue the case in conformity with the rules, citing MCR 7.201(B)(3) and MCR 7.216(A)(10). (See 05/21/07 Mich. Ct. App. Ord, docket #22.) The Michigan Court of Appeals, in a prior order, instructed petitioner to file a conforming application that included only those issues in the motion for relief from judgment that was denied on February 22, 2007. (See 04/13/07 Mich. Ct. App. Ord, docket #23.) The Court of Appeals explained that motions that were filed after February 22, 2006 were successive motions for relief from judgment regardless of the titles placed on them, and MCR 6.502(G)(1) would become meaningless if a defendant could amend a motion for relief that had already been decided. (See 04/13/07 Mich. Ct. App. Ord, docket #23.) MCR 6.502(G)(1) provides that one and only one motion for relief from judgment may be filed with regard to a conviction. MCR 6.502(G)(1) is an adequate and independent state ground sufficient to

invoke procedural default because the rule was "firmly established and regularly followed" before petitioner submitted his application for leave to appeal. *Porter v. Smith,* 197 F. Supp. 2d 827, 833 (E.D. Mich. 2002).

Because the elements of procedural default have been satisfied, petitioner must show "cause" for failing to comply with the State's procedural rule and "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Alternatively, petitioner must demonstrate that a fundamental miscarriage of justice will occur as a result of the Court's failure to consider the substantive merits of his claim. *Id.*

Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel...does not constitute and will not excuse a procedural default." *McCleskey v. Zant,* 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier,* 477 U.S. 478, 486-488 (1986)). In order to show that his attorney was constitutionally ineffective, petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to demonstrate that counsel's performance was deficient, petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. In doing so, petitioner must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id* at 690-691.

Petitioner asserts that his trial attorney did not preform the necessary investigation into the case. However, this contention does not address petitioner's failure to raise his first five claims for habeas corpus relief in his motion for relief from judgment. It was this omission which caused the procedural bar of his first five claims. Therefore, the asserted misconduct of his trial attorney could not serve as cause for petitioner's procedural default.

Moreover, even if the performance of petitioner's trial attorney's did dictate the claims raised in his underlying motion for relief from judgment, petitioner acknowledged discussing his case with his trial attorney, Carl Jordan, and having Mr. Jordan explain the elements of the offense to him. (Plea Tr, 6, docket #12.) Petitioner also acknowledged discussing possible defenses with Mr. Jordan. (Plea Tr, 6, docket #12.) Furthermore, sworn to testify truthfully, petitioner placed all of the elements of first-degree criminal sexual conduct on the record. Petitioner admitted that the 15 year old victim lived with him in his household, and he admitted to placing his mouth on her vagina. (Plea Tr, 11, docket #12.) When the court asked petitioner if the placing of his mouth on the victim's vagina involved sexual penetration, petitioner responded affirmatively. (Plea Tr., 11, docket #12.) It is clear from petitioner's own admission of guilt that further investigation by trial counsel would not have changed the outcome of the case. Petitioner stated that he was pleading guilty because he believed himself to be guilty. (Plea Tr, 10, docket #12.)

Therefore, ineffective assistance of counsel cannot be deemed "cause" for petitioner's procedural default. The Court need not determine whether petitioner has demonstrated the requisite prejudice, because he has failed to show "cause" for his procedural default. *Willis v. Smith,* 351 F.3d 741, 746 (6th Cir. 2003) (citing *Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir. 2000)).

In addition, petitioner is not asserting ineffective assistance of appellate counsel as cause for his procedural default. As noted above, petitioner could have asserted this claim in his motion for relief from judgment, which was denied on February 22, 2007, his failure to do so violates MCR 6.502(G)(1), a state procedural rule, and constitutes a procedural default. *Landrum v. Mitchell,* 625 F.3d 905, 916 (6th Cir. 2010).

The narrow exception for fundamental miscarriages of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one

who is actually innocent of the underlying offense. *Dretke v. Haley,* 541 U.S. 386, 388 (2004); *Murray v. Carrier,* 477 U.S. 478, 496 (1986). A claim of actual innocence "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Petitioner has failed to present evidence supporting a credible claim of innocence; therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of petitioner's claims in spite of the procedural default. Accordingly, the undersigned concludes that petitioner's claims one through five are procedurally defaulted.

Petitioner asserts in his sixth claim that he was deprived of his constitutional rights to due process and equal protection where the trial court sentenced petitioner under an incorrect sentencing guidelines range based on information that petitioner neither admitted nor was proven guilty beyond a reasonable doubt. Petitioner raised this claim in his delayed application for leave to appeal to the Michigan Court of Appeals. That application was denied for lack of merit on the grounds presented. (See 08/10/05 Mich Ct. App. Ord, docket #20.) Issues that have been resolved by the state court on state law ground, independent of the federal basis, cannot form the basis for habeas relief. According to 28 U.S.C. § 2254(a), the only claims cognizable in federal habeas are federal constitutional issues or claims arising under the law or treaties of the United States.

Provided that the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining the type and extent of punishment for convicted defendants. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). In habeas review, the findings in the record are presumed to be correct, and petitioner bears the burden to rebut that presumption. *Id* at 302.

Petitioner's minimum sentence of 14 years (168 months) falls within the correctly scored sentencing guidelines, which petitioner failed to challenge in the trial court at any time leading up to his Michigan Court of Appeals application for leave. A sentence imposed within the statutory limits is not generally subject to habeas review. *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002) (citing *Townsend v. Burke,* 224 U.S. 736, 741 (1948)). "Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002) (citing *Dennis v. Poppel,* 222 F.3d 1245, 1255 (10th Cir. 2000).

Based on the victim's testimony at sentencing, the circuit court concluded that offense variables 12 and 13, contemporaneous felonious criminal acts and continuing pattern of criminal behavior, respectively, were correctly scored. In any event, because petitioner's claim that his state sentence violates due process is based to a large degree upon an alleged violation of Michigan law, petitioner has failed to state a claim upon which habeas relief could be granted. *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000). Petitioner's claim involving the trial court's allegedly improper interpretation of the State's sentencing guidelines is not a cognizable claim for federal habeas review. *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Accordingly, petitioner is not entitled to habeas corpus relief with respect to his sixth claim.

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR

72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 31, 2011